IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM RETTSTATT                                          PLAINTIFF

            v.                   Civil No. 4:22-cv-04042

CORPORAL SMITH, Miller County
Detention Center (MCDC); CORPORAL
YEALEY, MCDC; SERGEANT GOLDEN,
MCDC; and INMATE TUCKER                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff, William Rettstatt. Plaintiff is incarcerated in the Miller County Detention Center and proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening of the Amended Complaint (ECF No. 6) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

According to the allegations of the Amended Complaint (ECF No. 6), on May 12, 2022, Corporal Smith left a mop handle inside the housing area. *Id.* at 4. Plaintiff alleges Inmate Tucker attacked Plaintiff with the mop handle and hit Plaintiff on the back of the head. *Id.* Plaintiff suffered injuries sufficiently serious to be taken to the hospital. *Id.* Plaintiff had a

1

wound on the back of his head that required staples to close the wound. *Id.*

Plaintiff alleges that on May 12, 2022, while he was at the hospital, Corporal Yealey ordered a shakedown. (ECF No. 6 at 5). When they arrived back at the detention center, Plaintiff alleges Corporal Yealey told the other inmates that Plaintiff told him where to find the drugs. *Id.* Several inmates were charged as they were found to be in possession of drugs or drug paraphernalia. *Id.* at 5-6. Plaintiff alleges that Corporal Yealey put his life in danger by spreading rumors that he had acted as a snitch. *Id.* As a result, Plaintiff alleges attempts have been made on his life.

On May 13, 2022, after being released from observation, Plaintiff alleges Sergeant Golden ordered Corporal Yealey to move Plaintiff to Max D pod. (ECF No. 6 at 6). Plaintiff alleges he was put in a cell with one of the inmates who had been criminally charged following the shakedown. *Id.* On May 17, 2022, Corporal Smith moved Plaintiff to another cell in the same pod. *Id.* Plaintiff alleges inmates continue to threaten him. *Id.*

As relief, Plaintiff seeks compensatory damages for pain and suffering, mental anguish, defamation of character, and medical bills. Plaintiff additionally asks for costs and attorney's fees.

## II. LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes,* 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Private individuals do not act under color of law unless "there is a sufficiently close nexus between the State and the challenged action of [the individual] so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351 (1974). Plaintiff must establish both that his "alleged constitutional deprivation [was] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, and that the deprivation [was caused by] a person who may fairly be said to be a state actor." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). Here, Plaintiff alleges private action by an individual – Inmate Tucker. Plaintiff's allegations fail to allege the existence of any state action regarding Inmate Tucker's actions. Plaintiff's claims against Inmate Turner are subject to dismissal.

### IV. CONCLUSION

For this reason, it is recommended that Plaintiff's claims against Inmate Turner be dismissed. The Amended Complaint will be served on the remaining Defendants.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **21st day of June 2022**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE